

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,688-01

### EX PARTE LARRY THOMAS WEBB, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 15F0870-005-A IN THE 5TH DISTRICT COURT FROM BOWIE COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated sexual assault of a child and indecency with a child and sentenced to two terms of life imprisonment. The Sixth Court of Appeals affirmed his conviction. *Webb v. State*, 557 S.W.3d 690 (Tex. App.—Texarkana 2018). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that in his aggravated sexual assault case appellate counsel failed to raise sufficiency of the evidence and argue that the State failed to prove beyond a reasonable doubt that he committed the aggravated element charged in the indictment, *see* TEX. PENAL CODE § 22.021(a)(2)(A)(iii), before or during the course of the sexual assault. According to

the record, after Applicant sexually assaulted the complainant, he fell asleep in the living room of his house. He then walked outside, asked where the complainant was, and said, "I'm going to kill you and whoever you tell."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to the above claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   April 15, 2020
Do not publish